IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| PHILIP SANDOVAL, #600528 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-064 |
| § | |
| JOHN/JANE DOE(S), ET AL. § | |

## REPORT AND RECOMMENDATION

Plaintiff Philip Sandoval brought the instant complaint pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment and due process violations. Having reviewed Plaintiff's complaint, amended complaint and answers to interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

In order to establish a claim under Section 1983, an inmate must assert facts which demonstrate that he was deprived of a constitutional right or federal statutory right. *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). In general, prisoner civil rights complaints are only

actionable when the facts show that prison officials harmed or endangered the complaining prisoner and the officials were aware, or should have been aware, that their actions were dangerous to the prisoner's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *See Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998).

In this case, Plaintiff alleges that his rights to due process were violated when he was wrongly placed in administrative segregation as a suspected gang member without a hearing. Though Plaintiff suffered no harm as a result of his custody status, he fears that he may suffer harm in the future if he is perceived as a snitch or a gang member.

Plaintiff has wholly failed to plead any facts to indicate that any defendant violated his rights by placing him in administrative segregation; prison authorities have broad discretion in classifying their prisoners. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Although Plaintiff alleges that he repeatedly informed prison officials that he was not a gang member, he does not have a right to refuse protection or avoid classification, and the Court will not interfere with the decision to assign him to ad-seg status due to the perception that he could be a gang member *Meachum v. Fano*, 427 U.S. 215 (1976). "An inmate has no protectable liberty interest in his classification." *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff's vague fear that he might be identified as a snitch or gang member and subject to assault simply does not implicate a constitutional violation. *Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996).

For the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice as frivolous and for failure to state a claim for which relief can be granted.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **August 17, 2006,** in which to have written objections <u>physically on file</u> in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___25th___ day of July, 2006.

_____
John R. Froeschner
United States Magistrate Judge